■ SONDRA M. RUBIN, Appellant-Respondent, v. JOSEPH D. RUBIN, Respondent-Appellant.— In an action to recover sums due pursuant to a separation agreement and for specific performance of certain terms thereof, the parties cross-appeal from a judgment of the Supreme Court, Westchester County, entered July 29, 1965, as follows: (1) Plaintiff appeals from so much thereof as: (a) modified the separation agreement; (b) limited her recovery (i) for her support to a rental allowance of $576.55 per month plus $150 per week and (ii) for the support of the children of the marriage to $90 per week until she demonstrates a substantial improvement in defendant's financial circumstances; (c) failed to enforce defendant's obligation to pay for the maintenance of an automobile; (d) enlarged defendant's rights of visitation with the children of the marriage, with custody in the plaintiff; (e) dismissed without prejudice so much of plaintiff's first cause of action as sought to recover $15,137.50 allegedly expended by her for psychiatric treatment; and (f) limited plaintiff's right to reimbursement for legal services to $3,000; (2) Defendant cross-appeals from so much thereof as: (a) awarded the afore-mentioned sum for plaintiff's support, without credit to him for sums paid for such support during the period from the filing of the complaint to the date of judgment; and (b) awarded custody of the children to plaintiff. Judgment modified, on the law and the facts, by deleting the third and eighth decretal paragraphs thereof and by changing, in the second decretal paragraph thereof, the figure opposite the words "for counsel fee" from $3,000 to $5,000, and the sum "$7,527.78", which twice appears therein, to "$9,527.78". As so modified, judgment affirmed, insofar as appealed from, without costs. Findings of fact, express or implicit, in the decision below which are inconsistent herewith are reversed and new findings are made as indicated herein. Plaintiff and defendant are no longer husband and wife. In view of the extended and time-consuming negotiations between them and the protracted trial and the ability, competency and experience of counsel, we are of the opinion that $5,000 should be awarded to plaintiff for reimbursement for her reasonable legal fees incurred in the enforcement of the separation agreement and in defense of the counterclaims interposed by defendant. There is no allegation in the amended complaint that defendant failed or refused

to make payments for the support of plaintiff or the children. The amended complaint alleged that defendant "failed, neglected and refused to make payment to plaintiff of the sum equivalent to the carrying charges of the home, as aforesaid, and has failed, neglected and refused to reimburse the plaintiff for expenditures made by her for necessaries in accordance with the standard of living enjoyed by the parties prior to the signing of said agreement". Since there was no allegation with respect thereto or a demand therefor in the *ad damnum* clause, it was error, in our opinion, to make the award of $150 per week to the wife for a period of 96 weeks and 2 days. Bearing in mind the increase in ages of the children, the change in economic conditions since the agreement was executed in 1961 and the admissions in the record by defendant as to his financial means, we are of the opinion that Special Term was in error in reducing to $90 a week the sum fixed in the agreement as $155 per week for the support of the children. In striking out this reduction, we have also taken into consideration the fact that plaintiff has since remarried and that by reason thereof defendant's obligations in the future under the agreement have been reduced insofar as her support is concerned. In our opinion, under the pleadings and practice of the parties, the trial court was authorized to pass upon the custody and visitation of the infant children of the marriage and properly resolved the problems arising therefrom. We also find no error in the other features of the judgment which have been discussed in the briefs. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.